1 McGREGOR W. SCOTT
United States Attorney
2 QUINN HOCHHALTER
Assistant United States Attorney
3 501 I Street, Suite 10-100
Sacramento, CA 95814
4 Telephone: (916) 554-2700
Facsimile: (916) 554-2900
5
Attorneys for Plaintiff
6 United States of America

7

IN THE UNITED STATES DISTRICT COURT
8
EASTERN DISTRICT OF CALIFORNIA
9

10

11 UNITED STATES OF AMERICA,                    CASE NO. 2:19-CR-209 WBS

12                          Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                                TIME PERIODS UNDER SPEEDY TRIAL ACT;
13              v.                              FINDINGS AND ORDER

14 PEDRO GARCIA,                                DATE: May 11, 2020
                                                TIME: 9:00 a.m.
15                          Defendant.          COURT: Hon. William B. Shubb

16

17         This case is set for a status conference on May 11, 2020. By this stipulation, the parties agree

18 and request the status conference be continued to July 13, 2020 and further request the Court find time

19 between now and July 13, 2020 excludable under the Speedy Trial Act.

20         On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

21 Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

22 continue all criminal matters to a date after June 1. This and previous General Orders were entered to

23 address public health concerns related to COVID-19. Although the General Orders address the district-

24 wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice

25 provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-

26 record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-

27 the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such

28 failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

(9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the status conference and the parties specifically request July 13, 2020.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

### STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

through defendant's counsel of record, hereby stipulate as follows:

1.       By previous order, this matter was set for status on May 11, 2020.

2.       By this stipulation, defendant now moves to continue the status conference until July 13, 2020, and to exclude time between May 11, 2020, and July 13, 2020, under Local Code T4.

3.       The parties agree and stipulate, and request that the Court find the following:

a)       The government has represented that the discovery associated with this case includes investigative reports, photographs, and physical evidence.  Discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)       Counsel for defendant desires additional time to review the discovery, conduct its own investigation, interview witnesses, and otherwise prepare for trial.

c)       Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)       The government does not object to the continuance.

e)       In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because preparing for trial involves interviewing and meeting with other individuals to identify witnesses.  These individuals may have high-risk factors such as age, underlying medical conditions, etc.  Additionally, travel will likely be required.

f)       Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 11, 2020 to July 13, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

1    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3  must commence.

4        IT IS SO STIPULATED.

5

6

7  Dated:  April 28, 2020                    McGREGOR W. SCOTT
                                             United States Attorney
8

9                                            /s/ QUINN HOCHHALTER
                                             QUINN HOCHHALTER
10                                           Assistant United States Attorney

11

12  Dated:  April 28, 2020                   /s/ DAVID W. DRATMAN
                                             DAVID W. DRATMAN
13                                           Counsel for Defendant
                                             PEDRO GARCIA
14

15

16

17                        **FINDINGS AND ORDER**

18      IT IS SO FOUND AND ORDERED.

19      Dated:  April 28, 2020

20                                           WILLIAM B. SHUBB
                                             UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME          4
PERIODS UNDER SPEEDY TRIAL ACT