McGREGOR W. SCOTT
United States Attorney
QUINN HOCHHALTER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-209 WBS |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| PEDRO GARCIA, | DATE: July 13, 2020 |
| Defendant. | TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

This case is set for a status conference on July 13, 2020. By this stipulation, the parties agree and request the status conference be continued to September 21, 2020 and further request the Court find time between now and September 21, 2020 excludable under the Speedy Trial Act.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern Distrit of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020, continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2020[1]. This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

---

[1] A judge "may order case-by-case exceptions" at the distraction of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date for the status conference and the parties specifically request September 21, 2020. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on July 13, 2020.

2. By this stipulation, defendant now moves to continue the status conference until September 21, 2020, and to exclude time between July 13, 2020, and September 21, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes investigative reports, photographs, and physical evidence. Discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendant desires additional time to review the discovery, conduct its own investigation, interview witnesses, and otherwise prepare for trial.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because preparing for trial involves interviewing and meeting with other individuals to identify witnesses. These individuals may have high-risk factors such as age, underlying medical conditions, etc. Additionally, travel will

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1   likely be required.

2     f) Based on the above-stated findings, the ends of justice served by continuing the
3   case as requested outweigh the interest of the public and the defendant in a trial within the
4   original date prescribed by the Speedy Trial Act.

5     g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
6   et seq., within which trial must commence, the time period of July 13, 2020 to September 21,
7   2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code
8   T4] because it results from a continuance granted by the Court at defendant's request on the basis
9   of the Court's finding that the ends of justice served by taking such action outweigh the best
10  interest of the public and the defendant in a speedy trial.

11  ///
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: July 8, 2020					McGREGOR W. SCOTT
							United States Attorney

							/s/ QUINN HOCHHALTER
							QUINN HOCHHALTER
							Assistant United States Attorney

Dated: July 8, 2020					/s/ DAVID W. DRATMAN
							DAVID W. DRATMAN
							Counsel for Defendant
							PEDRO GARCIA

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED.

Dated: July 8, 2020

							WILLIAM B. SHUBB
							UNITED STATES DISTRICT JUDGE