McGREGOR W. SCOTT
United States Attorney
JILL THOMAS
ALEXIS NELSEN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>PEDRO GARCIA,<br><br>                              Defendant. | CASE NO.  2:19-CR-209 WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE:    December 14, 2020<br>TIME:     9:00 a.m.<br>COURT: Hon. William B. Shubb |

This case is set for a status conference on December 14, 2020.  By this stipulation, the parties agree and request the status conference be continued to March 8, 2021, and further request the Court find time between now and March 8, 2021, excludable under the Speedy Trial Act.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020, continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters, excluding time under the Speedy Trial Act[1].  This, previous and subsequent General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1   Although the General Orders and declarations of emergency address the district-wide health

2   concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

3   "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

4   findings" in a particular case.  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

5   record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

6   failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

7   (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

8   findings on the record "either orally or in writing").

9   Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10   and inexcusable—General Orders 611, 612, 617, and 618, the subsequent declaration of judicial

11   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

12   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

13   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

14   3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the

15   case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

16   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

17   The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

18   18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

19   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

20   discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

21   week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

22   764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

23   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

24   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

25   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

26   by the statutory rules.

27   In light of the societal context created by the foregoing, this Court should consider the following

28   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date for the status conference and the parties specifically request December 14, 2020.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.   By previous order, this matter was set for status on December 14, 2020.

2.   By this stipulation, defendant now moves to continue the status conference until March 8, 2021 at 9:00 a.m., and to exclude time between now, and March 8, 2021 at 9:00 a.m., under Local Code T4.

3.   The parties agree and stipulate, and request that the Court find the following:

a)   The government has represented that the discovery associated with this case includes investigative reports, photographs, and physical evidence.  Discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)   Counsel for defendant desires additional time to review the discovery, conduct its own investigation, interview witnesses, and otherwise prepare for trial.

c)   Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)   The government does not object to the continuance.

e)   In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because preparing for trial involves interviewing and meeting with other individuals to identify witnesses.  Individuals involved in the case may have high-risk factors such as age, underlying medical conditions, etc.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1   Additionally, travel will likely be required.

2       f)      Based on the above-stated findings, the ends of justice served by continuing the

3   case as requested outweigh the interest of the public and the defendant in a trial within the

4   original date prescribed by the Speedy Trial Act.

5       g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

6   et seq., within which trial must commence, the time period of December 14, 2020 to March 8,

7   2021 at 9:00 a.m., inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv)

8   [Local Code T4] because it results from a continuance granted by the Court at defendant's

9   request on the basis of the Court's finding that the ends of justice served by taking such action

10  outweigh the best interest of the public and the defendant in a speedy trial.

11  4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

12  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

13  must commence.

14  IT IS SO STIPULATED.

15  Dated:  December 8, 2020                 McGREGOR W. SCOTT
                                             United States Attorney
16

17                                          /s/ JILL THOMAS
                                            _____
18                                          JILL THOMAS
                                            Assistant United States Attorney
19

20  Dated:  December 8, 2020                 /s/ DAVID W. DRATMAN
                                            _____
21                                          DAVID W. DRATMAN
                                            Counsel for Defendant
22                                          PEDRO GARCIA

23

24

25

26

27

28

1

**FINDINGS AND ORDER**

2

    IT IS SO FOUND AND ORDERED.

3

Dated:  December 8, 2020

4

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT